### MOWERS v. MUNICIPAL GAS CO. OF ALBANY.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. GAS (§ 18*)—INJURIES—NOTICE OF DEFECTS.

In an action against a gas company for damages for negligent leakage of gas on private premises, in order to hold the company liable, it must have had notice and an opportunity to remedy.

[Ed. Note.—For other cases, see Gas, Dec. Dig. § 18.*]

2. GAS (§ 18*)—INJURIES—NOTICE OF DEFECTS.

In an action for damages caused by a leak in a gas main in a street, evidence that there were several leaks in adjacent houses of which defendant was notified, but the odor of gas was not traceable to leakages

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

from the street main, was not sufficient to charge defendant with notice of the leak which caused the injuries.

[Ed. Note.—For other cases, see Gas, Dec. Dig. § 18.*]

Appeal from Trial Term, Albany County.

Action by James Mowers against the Municipal Gas Company of Albany. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Neile F. Towner, for appellant.
M. H. Nellis, for respondent.

HOUGHTON, J. The action is to recover damages for personal injuries from an explosion. The plaintiff was a tenant in the basement of No. 137 Broad street, in the city of Albany, to which the defendant supplied illuminating gas. He had been in occupation of the premises something like 10 months, and had discovered no particular odor of gas, when suddenly on the day of the accident he smelled a strong odor, and opened the windows of his apartment. Shortly thereafter the owner of the building entered another portion, and discovered an odor of gas and in looking about for its source came to the basement occupied by the plaintiff. Not finding any jets turned on he went to the wall where the service pipe entered the building from the street. There is dispute whether the landlord had a lighted match in his hand or not, but an explosion occurred, wrecking the room and injuring the plaintiff more or less severely. It was subsequently discovered that there was a break in the gas main in the street, and that the gas had forced itself along the main and along the service pipe to the house, and was pouring into the basement in considerable volume. It was not claimed that the defendant was notified of the presence of gas in the building between its discovery and the explosion.

On the trial the plaintiff's counsel recognized the rule enunciated by this court in Hammerschmidt v. Municipal Gas Co., 114 App. Div. 290, 99 N. Y. Supp. 890, to the effect that, in order to render a gas company liable for damages for the negligent leakage of gas on private premises, it must have notice and an opportunity to remedy.

The theory upon which the defendant was sought to be held liable was that the main in the street was old, and imbedded in wet clay soil favoring corrosion, and exposed to electric currents having a tendency to deteriorate the texture of the iron, and hence that a break might reasonably be expected, and, further, that the break had existed for many months, the odor of gas being perceptible at various times and more violent on particular occasions. The proof does not sustain this theory. It is true that there were various complaints to the defendant of the smell of gas by the occupants of houses in the vicinity. Repairmen were sent, and the leak in most cases discovered, and, after repairs were made, the smell ceased. The odor of gas, therefore, which these witnesses observed, was traceable to leakages in their own pipes, and not from the street main.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff's witness Julia Fauth does testify that before gas was put in her apartment in May prior to the explosion in December she smelled an odor which she thought was illuminating gas, but which might have been sewer gas, and that, after gas was installed in her house, she smelled the same odor. She does not say that the odor came from the street, however, but describes it as in her own house.

It is manifest from the testimony that there was no such general odor of gas in the street as indicated a break in the main existing for months prior to the explosion, and such a situation is quite improbable. All the witnesses except Mrs. Fauth testify that the odor was intermittent and ceased when repairs were made in their own apartments. If the break had existed, the odor would have been continuous, especially during the summer months, when the surface was not sealed by frost. Nor do we think the plaintiff proved such a condition of the pipe as indicated that it was likely to break at any moment, and which therefore called upon the defendant to inspect or replace it with new. The character of the break necessarily indicated a weakened pipe, but the proof does not sustain the contention that the defendant should have known its condition.

Our conclusion is that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

